# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

JOHN B. HERRING,                                                PETITIONER

v.                                                              No. 2:07CV69-P-A

STATE OF MISSISSIPPI, ET AL.                                    RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of John B. Herring for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has responded to the petition, and the matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice.

## Facts and Procedural Posture

The petitioner is in the custody of the Mississippi Department of Corrections and is currently housed at the Marshall County Correctional Facility in Holly Springs, Mississippi. He was convicted of conspiracy to commit armed robbery (Count I) and robbery with a deadly weapon (Count II) in the Circuit Court of Tate County, Mississippi. State Court Record (S.C.R.), Vol. 1, pp. 42-43. He was sentenced to five years of unsupervised probation for Count I and to twenty years in Count II, with ten years suspended. The court required that the sentence in Count II be served concurrently with the sentence in Count I. *Id*.

The petitioner appealed his convictions and sentences to the Mississippi Supreme Court, assigning as error the following (reproduced verbatim from the appellant's brief):

> A. Whether the trial judge erred in overruling defense counsel's objection to Randall Kirkpatrick's testimony on the view that Rashad Frank had of the safe that was located in the office.

B.  Whether the verdict is against the overwhelming weight of the evidence.

The Mississippi Court of Appeals affirmed petitioner's convictions and sentences on January 31, 2006. *Herring v. State*, 938 So.2d 1251 (Miss. App. 2006)(Cause No. 2004-KA-02318-COA), *reh'g. denied*, June 27, 2006, *cert. denied*, October 5, 2006.

On December 27, 2006, the petitioner filed an "Application For Leave To File Post-Conviction In Trial Court" and "Motion for Post-Conviction Relief Under Mississippi Uniform Post-Conviction Collateral Relief Act 99-39-1" in the Mississippi Supreme Court, in which petitioner raised the following issues (as stated by petitioner in his state post-conviction motion):

A.  Evidence is insufficient in law to sustain verdicts for armed robbery 97-3-79 and conspiracy 97-1-1(a) due to a fatal variance between indictment count II and proof at trial.

B.  Indictment failed to allege a statutory element of the charged offense and is therefore insufficient.

C.  Ineffective assistance of trial and appellate counsel:[1]

  (1) Trial counsel failed to investigate.
  (2) Trial counsel failed to zealously argue that money was taken from the person and presence of Herring.
  (3) Trial counsel failed to object to jury instruction S-3.
  (4) Trial counsel was absent during the sentencing phase of the trial and offered no mitigating evidence.
  (5) Trial counsel failed to argue important issues to the jury and allowed the jury to presume facts not in evidence.
  (6) Appellate counsel failed to raise on direct appeal, the issues Herring raised in his post-conviction motion.

On February 2, 2007, the Mississippi Supreme Court denied petitioner's application stating, in pertinent part:

---

[1] The court has summarized the petitioner's claims of ineffective assistance of counsel.

Herring's claim of ineffective assistance of counsel does not pass the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). His remaining claims are procedurally barred. Miss. Code Ann. § 99-39-21(1). Notwithstanding the procedural bar, the claims are without merit. After due consideration, the panel find that the application should be denied.

In the instant petition for writ of *habeas corpus*, Herring raises the following grounds (set forth verbatim as stated by the petitioner):

**Ground One**: Evidence is insufficient in law, to sustain verdicts for armed robbery and conspiracy due to a fatal varience in the indictment and "proof."

**Ground Two:** Ineffective assistance of trial and appellate counsel.

(1) Counsel(s) failed to raise obvious and significant issues at trial and on appeal and this caused petitioner not to have a fair trial.

(2) Counsel(s) failed to bring to the attention of the court the fact that the court allowed the jury to assumed that the armed robbery of Lynn Cummins had been proved beyond a reasonable doubt.

(3) Counsel failed to object on behalf of petitioner conserning jury instruction S-14, that allowed the jury to convict petitioner without finding as fact, that the crime occurred.

(4) Counsel Walker, in the sentencing phase, conceded to the judge that his client (basically) was guilty; even after petitioner maintained his innocence.

(5) Counsel argued weak issues involving opinion testimony, such issues were previously ruled "harmless error" by a higher court, and had no probative value in the petitioner's case.

**Ground Three:** Indictment failed to allege a statutory element of the offense.

**Ground Four:** Jury instructions had no factual basis.

## Procedural Default and Procedural Bar:
## Grounds One, Three, and Four – and Claim Three of Ground Two

When a petitioner fails to present his a claim to the state's highest court in a procedurally proper manner – and can no longer present his claims to the state courts – the claims are precluded under the doctrine of *procedural default*. *Sones v. Hargett*, 61 F.3d 410 (5th Cir. 1995)(when state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims). Similarly, when the highest state court declines to hear a petitioner's federal claims because the petitioner failed to fulfill a state procedural requirement, the petitioner's federal *habeas corpus* claims are precluded under the doctrine of *procedural bar*. *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991); *Amos v. Scott*, 61 F.3d 333, 338-39 (5th Cir. 1995)). The court may only apply the procedural bar if the state procedural rule is independent of the federal ground for relief and adequate to support the state court judgment. *Id.*

### Ground Four and Claim 3 of Ground Two: Procedural Default

The petitioner has failed to proceed in a procedurally proper manner in Ground Four and Claim 3 of Ground Two because he has not exhausted state court remedies as to these two claims, and the time to do so has expired. *Sones v. Hargett*, 61 F.3d 410 (5th Cir. 1995). As such, he has procedurally defaulted these claims. Similarly, the Mississippi Supreme Court found the petitioner's claims in Grounds One and Three of the instant petition to be procedurally barred. As the procedural rule the Mississippi Supreme Court used to bar these two claims was both independent of the federal ground for relief and adequate to support the judgment, Grounds

One and Three must also be dismissed. *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991); *Amos v. Scott*, 61 F.3d 333, 338-39 (5th Cir. 1995)).

### Grounds One and Three: Procedural Bar

The Mississippi Supreme Court found the issues in Grounds One and Three of the instant petition to be procedurally barred under MISS. CODE ANN. § 99-39-21(1) for failure to raise the claims on direct appeal. Section 99-39-21(1) is an independent state procedural bar. *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997). The adequacy of the procedural bar depends on "whether Mississippi has strictly or regularly applied it." *Id*. (citing *Lott v. Hargett*, 80 F.3d 161, 165 (5th Cir. 1996)). The petitioner, however, "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his appeal" and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." *Id*. The petitioner has not proven an "inconsistent and irregular" application of the bar stated in section 99-39-21(1); therefore, his claims for federal *habeas corpus* relief in Grounds One and Three must be dismissed as procedurally barred under an independent and adequate state rule. *Id*. at 861.

### Cause and Prejudice, Fundamental Miscarriage of Justice

In order for a federal district court to review a state court's dismissal of a criminal defendant's post-conviction petition under an independent and adequate state procedural, the petitioner must prove cause for his default and actual prejudice resulting from its application. *Coleman*, 501 U.S. at 750; *see also Martin v. Maxey*, 98 F.3d at 849 (*citing Sawyer v. Whitley*, 505 U.S. 333 (1992)). Cause for the default "must be something *external* to the petitioner,

something that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753 (emphasis in original). Examples of adequate cause to excuse procedural default are "interference by officials" and "a showing that the factual or legal basis for a claim was not reasonably available to [the petitioner]," and in rare circumstances, attorney error. *McCleskey v. Zant*, 499 U.S. 467 (1991). Attorney error is seldom a valid cause for procedural default:

> [T]he question of cause for a procedural default does not turn on whether counsel erred or on the kind of error counsel may have made. So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington*, *supra*, we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.

*Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645 (1986).

The petitioner alleges ineffective assistance of appellate counsel for failure to raise certain claims on direct appeal. As discussed below, however, this claim does not rise to the level of "constitutionally ineffective" assistance of counsel and thus cannot constitute cause for procedural default. *Id.* Because the petitioner has not proven cause for his default, the court need not consider whether the petitioner suffered actual prejudice to petitioner. *Saahir v. Collins*, 956 F.2d 115 (5th Cir. 1992).

Furthermore, there will be no "fundamental miscarriage of justice" if the petitioner's claims are not heard on the merits because the petitioner has not shown "as a factual matter, that he did not commit the crime of conviction." *Fairman*, 188 F.3d at 644. To establish the requisite probability that he was actually innocent, the petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id*. The

petitioner has not met this standard. The facts of the instant case do not establish that a fundamental miscarriage of justice would result if the petitioner's claims in Grounds One, Three, and Four – and Claim Three of Ground Two – are not considered on the merits. As such, these claims shall be dismissed with prejudice.

## Ground Two (Claims 1, 2, 4, and 5): Denied on the Merits in State Court

The Mississippi Supreme Court has already considered the petitioner's claims Ground Two (with the exception of Claim 3) on the merits and decided those issues against the petitioner; hence, these claims are barred from *habeas corpus* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to this ground of the petitioner's claim.

Nevertheless, under § 2254(d)(2) this ground may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

**Standard for Ineffective Assistance of Counsel**

To show that his counsel was ineffective under the Sixth Amendment, a criminal defendant must prove that counsel's performance was deficient – and that the deficient performance prejudiced the defendant's legal position. *Strickland v. Washington*, 466 U.S. 668 (1984). Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The court must analyze counsel's actions based upon the circumstances at the time – and must not use the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). The petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). To prove prejudice, petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir.), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997).

**Ground Two (Claim 1):
Failure to Raise Issues at Trial and on Appeal**

In Ground Two (Claim 1), the petitioner alleges that he was denied effective assistance of both trial and appellate counsel when counsel failed to raise various issues. The petitioner does not, however, specify which issues counsel should have raised at trial or on appeal; as such, this claim is merely conclusory. "Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green v. Johnson*, 160 F.3d

1029, 1043 (5th Cir. 1998). As such, this ground for relief shall be dismissed for failure to state a claim upon which relief could be granted.

### Ground Two (Claim 2):
### Failure to Object to Jury Instruction S3

In this claim, the petitioner argues that counsel failed to object to Jury Instruction S3, thus permitting the jury to assume that the armed robbery of Lynn Cummins had been proved beyond a reasonable doubt. This claim was handled properly by the state court. Instruction S3 sets forth the elements of armed robbery under Mississippi law, and the last portion reads, ""[i]f the State has failed to prove any one or more of these elements beyond a reasonable doubt, then you shall find the Defendant not guilty." S.C.R., Vol. 1, p. 21. The instruction thus does not permit the jury to assume any fact. Further, defense counsel indeed objected to the instruction, arguing that a peremptory instruction was warranted. *Id*. at Vol. 3, pp. 230-235. Counsel did not, however, object to the form of the instruction because it was an accurate statement of the law. *Id*. Given these facts in the record, counsel's performance was constitutionally adequate, and the state court's decision on this issue was reasonable in fact and in law. As such, Ground Two (Claim 2) shall be dismissed with prejudice.

### Ground Two (Claim 4):
### Conceding Petitioner's Guilt During Sentencing Phase of Trial

In Ground Two (Claim 4), the petitioner argues that defense counsel was ineffective because he conceded the defendant's guilt during the sentencing phase of the trial. Interpreting this claim as presented by the petitioner, it has been procedurally defaulted because he did not raise this claim in state court and cannot do so now. *Sones v. Hargett*, 61 F.3d 410 (5th Cir. 1995). *See also Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

If, however, the petitioner is arguing that counsel was ineffective in failing to offer mitigating evidence during the sentencing phase, then the claim must be dismissed on the merits, as counsel simply did not concede the petitioner's guilt. Indeed, counsel could not have harmed the petitioner's legal position by conceding the petitioner's guilt at sentencing *because a jury had already found him guilty of both conspiracy and armed robbery*. The petitioner's guilt had already been established at that point. Thus, arguments regarding the petitioner's innocence at sentencing would have been meritless, and counsel cannot be found deficient for failure to raise meritless arguments. *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994)("Failure to raise meritless objections is not ineffective lawyering, it is the very opposite"). As the state court's decision in this matter was reasonable in fact and in law, the petitioner's claims in Ground Two (Claim 4) must be dismissed.

### Ground Two (Claim 5):
### Arguing Weak Issues on Appeal

The petitioner's appellate counsel raised the two issues he believed to be viable and had no duty to pursue issues he believed to be without merit. *Jones v. Barnes*, 463 U.S. 745 (1985). The petitioner does not specify the issues he would have preferred appellate counsel to have raised on direct appeal. As such, his allegation in Claim 5 is conclusory and must thus be dismissed. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983).

In sum, all claims in the instant petition must be dismissed with prejudice. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 6th day of November, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE